Landon, P. J.
From the above statement of facts it must be obvious, that whether the defendant was negligent in permitting such a gutter or excavation to be ungarded by the side of and beneath the edge of its sidewalk is a question, which when passed upon by the referee as a matter of fact adversely to the defendant, the court will regard as properly settled.
The fact that there was no rail or guard along this part of the walk or cover over the gutter, is evidence of a disregard for the safety of the passer-by by night.
*297 But it is urged that the plaintiff was guilty of contributory negligence. But what did he neglect to do, that common prudence demanded of him ? He knew of the usual danger of the place. He intended to take care, and tried to, but the circumstances were such that his care was not effective to protect him. He was on his road home, and he suddenly found that there was a new difficulty and he must get out of it, or avoid it the best way he could. He knew well enough that if he went straight ahead on the sidewalk he was safe, and he concluded to go straight ahead, but as the sequel showed, he did not fully appreciate the difficulty of keeping straight ahead in the dark, in the water, and with a child in his arms.
If his attempt .to keep straight ahead was a mistake in judgment he was in a condition where any man of ordinary prudence would judge hastily; a prudent man would not naturally stand still in the water a great while in order to consider the question whether he should go backwards, forwards or sideways. It being permissible to judge hastily, he cannot be charged with a lack of prudence if his judgment turned out to be wrong.
But within the authorities it was a question of fact upon the evidence and we cannot see that the referee erred in his finding upon it.
The defendant urges that the sudden overflow of the water was the proximate cause of the injury, and that was too recent to charge the defendant with notice. But this position is untenable. The overflow of water, concurring with the darkness, prevented the plaintiff from distinguishing between sidewalk and gutter. It was not. itself the weapon of injury but a condition exculpatory of the plaintiff from the charge of negligence, like a strong wind, or the noise of machinery, which sometimes prevent a traveler, approaching a railroad crossing, from hearing the approaching train or its bell or whistle. The railroad company is not responsible for the wind or noise, but for its own acts or omissions, the consequences of which may be aggravated by these temporary or casual surroundings.
The defendant made several requests for findings of fact which the referee did not respond to. We have examined these requests and think that most of them contained propositions of fact fully sustained by the evidence. If such findings, if made, ought to have changed the result, then the judgment should be reversed, but if they ought not to have changed the result, then the defendant has not been injured.
These requests embrace descriptions of the condition of the sidewalks, streets, gutter, water, acts of the plaintiff *298 and defendant, and are substantially in accord with the facts as above stated.
The defendant was not entitled to a finding that the defendants were not negligent; that the plaintiff was negligent; and that the overflow of water was the proximate cause of the plaintiff’s injury; and hence, notwithstanding the omission of the referee to find as he ought to have done, most of the plaintiff’s requests with respect to details, the judgment awarded was proper and should be affirmed.
■ Judgment affirmed, with costs.
Parker, J., concurs.